Per Curiam.

The plniutiff abandons all claim, except for the return of the premium, and on this he claims interest. The defendant.-: admit their liability for the premium, hut insist that it ought not to be recovered in this action, and contend, also, that interest outfit not to be allowed.
The cause has hitherto been contested on different principles : #lhe plaintiff claiming to be paid a total loss on the goods. His action, however, is adapted to recot cr the premium : anrl as the defendants have not taken measures to compel him to elect whether he would go for the premium or not. the court cannot deny him a right to reenter according to his cam. The di fondants are in default. Thev ought to have paid the premium into court, and then, if the plaintiff had persisted, it would have been at his own hazard. The question of interest in actions of this nature, is within the sound discretion of the court, and it will be allowed or not, according to circumstances. It is certainly true, that the defendants hme had the use of the plaintiff's money, and we think they ought to repay it with interest, from the time when they ought to have taken their stand, and paid the premium into court. They never could have imagined that they could successfully contest the loss, because the goods were not laden on board at (!ntt(iCtur^h, and keep the premium also. We are of opinion, that the plaintiff is entitled to recover the premium, and interest thereon, from the time of the commencement of the suit. In taxing the costs, the plaintiff will not have a right to any costs, accruing on his claim for a loss under the policy.
Rule accordingly.