Chalfant v. Payton et al.

Filed Nov. 1, 1883.

———————◆———————

No. 10,620.

CHALFANT v. PAYTON ET AL.

CONTRACT.— Wager.—Public Policy.—Marriage Benefit Company.—A contract to pay a sum of money on condition that the payee do not marry within two years, and if he do then to pay a certain sum per day during the time he shall remain single, is contrary to public policy, and, therefore, illegal and void, and money paid in consideration of such contract can not be recovered back, the parties being in pari delicto.

From the Jay Circuit Court.

D. T. Taylor and J. M. Smith, for appellant.

J. W. Headington and J. J. M. LaFollette, for appellees.

FRANKLIN, C.—Appellant sued appellees for money had and received, and upon four several certificates of membership in the Immediate Marriage Benefit Association of Dunkirk. The appellees are sued as partners.

The certificates show that there was an assumed corporation that issued them, and that appellee Payton was acting as its president, and appellee Monroe as its secretary, in the issuing of the certificates. The record nowhere shows the relation of the other appellees with the institution.

The complaint consists of five paragraphs. The 1st is the common count for money had and received; the 2d, 3d, 4th and 5th are based upon the several certificates of membership, one in each of the classes of benefits. Class A, at the rate of $.65 per day; class B, $1.30 per day; class C, $1.65 per day; class D, $5.50 per day, for each day until the applicant should be married.

The certificates were dated October 18th, 1881, and the

applicant was married November 9th, 1881. The certificates were issued to one Moody the applicant, and at the same time were transferred by delivery to appellant.

A demurrer was sustained to each of the paragraphs of the complaint that was based upon any one of the several certificates.

An answer in three paragraphs was filed to the 1st paragraph of the complaint. The first was a denial; a demurrer was sustained to the 2d and overruled as to the 3d. A reply was filed to the 3d, and the cause was submitted to the court for trial. At the request of appellant, the court made a special finding, and stated its conclusions of law. Appellant excepted to the conclusions of law, and judgment was rendered for appellees.

The errors assigned are:

1st. Sustaining the demurrer to the 2d, 3d, 4th and 5th paragraphs of the complaint.

2d. Overruling motion to strike out 2d and 3d paragraphs of the answer.

3d. Overruling the demurrer to the 3d paragraph of the answer.

4th. Overruling exceptions to the conclusions of law.

The certificates are all alike except as to the amounts to be paid in by the applicant and paid out by the association.

These paragraphs of the complaint correspond with the respective certificates.

Counsel have discussed the 5th paragraph, based upon the certificate in class D, and have applied their reasoning alike to each of the others.

That exhibit reads as follows:

"Exhibit D.

"No. 71.                                                    $3,960.

" *The Immediate Marriage Benefit Association of Dunkirk, Indiana. Class D.*

" This certificate of membership witnesseth: That the Immediate Marriage Benefit Association of Dunkirk, Indiana,

in consideration of the representation made in the application for membership, and payment of thirty dollars for membership fee, and the future payment to be made of all future assessments of nine dollars on the lawful marriage of each member or maturity of certificate of membership as it occurs in the class herein stated (except where there be funds in the hands of the treasurer to the credit of the class sufficient to pay four or more benefits), and the sum of one dollar and eighty cents monthly during the continuance of this membership, do hereby constitute John P. Moody, of Portland, county of Jay, State of Indiana, a member, with one membership in Class D of the Immediate Marriage Benefit Association, subject to the conditions and agreements herein contained.

" The Immediate Marriage Benefit Association hereby promises and agrees that after due notice and satisfactory proof of the lawful marriage of the said member has been received at the office of the association, at Dunkirk, in the State of Indiana, and within sixty days from the receipt of the proof of such marriage, to pay to John P. Moody, at the office of said association, the sum of five dollars and fifty cents for each day that said member has kept the certificate in force, and not to exceed the sum of three thousand nine hundred and sixty dollars, to be paid out of the benefit fund.

" The association further agrees that at the expiration of two years from date hereof, and this certificate be in force, to pay according to the rules and regulations of the association to the holder hereof a sum such as will equal ninety-five per cent. for each contributing member in said class, and not to exceed the sum of thirty-nine hundred and sixty dollars.

" This certificate is issued to and accepted by the above named member upon the following express conditions and agreements :

" 1st. The person to whom the certificate is issued agrees to pay to the association a monthly due and the assessments which may be made against him or her as herein above stipu-

lated. The monthly dues and assessments shall be paid to the secretary at the office of the association within thirty days after the same becomes due.

" 2d. The above named member further agrees that if said monthly dues and assessments made from time to time are not received by the association within thirty days from the time they become due, then in every such case the certificate shall be void and of no effect, and all money paid, and all rights and benefits which may have accrued, shall be forfeited, and all liability of the association shall cease. But any member who has forfeited membership shall, upon application, be restored to membership, upon the payment of all arrearages, provided the time of lapse be not longer than sixty days after forfeiture.

" 3d. A printed or written notice of an assessment directed to the address last given by each member, and deposited in the postoffice in Dunkirk, Jay county, Indiana, shall be deemed sufficient notice. Due notice must be given to the association by each member of any change by him or her of residence, postoffice address, etc.

" In witness whereof the said Immediate Marriage Benefit Association has hereunto affixed its corporate seal, and [L. S.] has caused this certificate to be signed by its president and secretary, in Dunkirk, State of Indiana, this 18th day of October, A. D. 1881.

" W. W. PAYTON, President.

" W. MONROE, Secretary."

This paragraph of the complaint avers that the appellees were doing business as partners in the name and style of the " Immediate Marriage Benefit Association, of Dunkirk, Indiana," and as such partners, on the 18th day of October, 1881, made and executed to one John P. Moody their written agreement, by which they agreed and promised to pay said John P. Moody the sum of five dollars and fifty cents for each day that said John P. Moody should keep such written agreement in force, which he was to do by the payment

to the appellees of certain dues and assessments as promised in the written agreement, and to be paid within sixty days from the date of receiving at appellees' office proof of the marriage of said John P. Moody; that said John P. Moody assigned said written agreement to appellant by transfer and delivery; and that said John P. Moody, before the assignment of the written agreement, and appellant after the assignment thereof, kept said written agreement in force as provided by its terms, from said 18th day of October, 1881, to the commencement of this suit. And in all things the said Moody and appellant performed all the agreements contained in said written agreement for them to do and perform; but the appellees failed and refused to pay the appellant any part due him on said written agreement; but that the same is due and unpaid, and that said written agreement was executed by the appellees in the name and style of William W. Payton, president, and W. Monroe, secretary.

The question presented by counsel, upon the sustaining of the demurrer to this paragraph of the complaint, is as to the validity of the contract upon which the suit is brought.

The substance of the contract is, if the applicant will pay the association a certain sum of money down, and agree to pay such dues and assessments as it may demand, upon expressed terms, from time to time, it will pay the applicant, at the end of two years the sum of $3,960, upon condition that the applicant should not get married within that time, but if he should marry within that time, then the association was to pay him $5.50 for each day that he remained single, after the execution of the contract. The amount to be paid by the association is dependent upon the time the member refrains from marriage.

We think this contract is contrary to public policy and void. These four certificates sued on aggregate the sum of $9.10 per day for each day that said Moody remained single after the execution of the agreement, during two years, at the end of the two years, amounting to $6,645.

A promise to pay money in consideration of not marrying can not be enforced. 2 Parsons Con. 73, note (h).

These contracts, if not like marriage brokage contracts, may be properly classed as wagering contracts upon the probabilities of marriage. They are not like contracts for insurance of life or property to become due and payable upon the occurrence of some accident or casualty not under the control of either party, but they are simply wagers as to the time when Moody would marry, a matter in which appellant could have no personal interest.

Even a policy of insurance, payable on the occurrence of an event in which the party in whose favor or for whose benefit the policy has been issued, or has been assigned as a speculation, has no interest in the event, is a wagering contract and void. And whatever may be said of Moody, who made the original application for membership, and on whose marriage within the two years, the certificates are payable, clearly the appellant, his assignee, had not, nor has he yet, any interest in Moody's marital relations. If the certificates were to be considered as policies of insurance, they would be considered void as wagering contracts upon the probabilities of Moody's marriage; and the fact that the contract was made with Moody and transferred to appellant makes no difference; they are void in his hands, and he can not recover on them. *Franklin Life Ins. Co.* v. *Hazzard*, 41 Ind. 116 (13 Am. R. 313); *Franklin Life Ins. Co.* v. *Sefton*, 53 Ind. 380.

There was no error in sustaining the demurrer to the second, third, fourth and fifth paragraphs of the complaint.

The second error assigned is the overruling of the motion to strike out the second and third paragraphs of the answer.

This motion is not made a part of the record by bill of exceptions or order of the court; it is not properly in the record. *Jarvis* v. *Banta*, 83 Ind. 528. If it were properly a part of the record, the overruling of a motion to strike out a pleading is not available to reverse a judgment.

The third error assigned is the overruling of the demurrer to the third paragraph of the answer.

This paragraph of the answer is to the first paragraph of the complaint for money had and received, and alleges that such money was received by the association for fees in four memberships in the association, and for dues and assessments upon each thereof, according to the regulations of the association; that the same was voluntarily paid, with a full knowledge of all the facts; and that appellant had no interest in said Moody's marital relations. Each membership, with the fees, dues and assessments, is particularly set forth. The certificates are made exhibits.

The first paragraph of the complaint is based upon the idea that the attempted incorporation of the association was illegal and void, and that the money paid to it could be collected back from those concerned in it, as partners.

We think appellant's counsel were right in coming to the conclusion that there was no law authorizing the formation of any such corporation; but it does not necessarily follow that the money paid in can be recovered back by the one who voluntarily paid it in, or by his assignee.

Appellant, in this action, does not complain that he has been defrauded; nor are there any circumstances disclosed upon which a charge of fraud upon Moody or appellant can be based. If there was any fraud in the transaction, Moody was a member of the association, and he and appellant were parties to whatever was done. Appellant was *in pari delicto*, and can not take advantage of his own wrong. He had full knowledge of all the facts, and neither courts of law nor equity will interfere to grant parties relief under such circumstances.

We think that not only the corporation was illegal, but the business done by the association was also illegal, being contrary to public policy, as wagering contracts upon the probabilities of marriage. This paragraph of answer states facts sufficient to constitute a defence to the first paragraph of the complaint, and there was no error in overruling the demurrer to it.

The last error assigned is upon the overruling of the exceptions to the conclusions of law.

The findings are admitted to be correct, by there being no motion made for a new trial. And they substantially read as follows:

1st. That the defendants in the year 1881 filed articles of association in the office of the recorder of Jay county, Indiana, and in the office of the Secretary of State, organized and undertook to operate a corporation under the name of "The Immediate Marriage Benefit Association of Dunkirk, Indiana," and issued certificates of membership therein.

2d. That plaintiff bought four policies in said Marriage Benefit Association; that he paid fees amounting to $52, and dues and assessments amounting to $91$\frac{80}{100}$.

3d. "That defendants issued to him, in accordance with his application, four policies in said association, based upon the proposition of one John P. Moody to enter into the marriage relation; and that said policies were issued in form to John P. Moody, and transferred at the time to the plaintiff, and delivered to him for the purpose of assuring to him any benefits which might arise from such policy contracts."

4th. That the dues and assessments were assessed, levied, and paid in the ordinary course of business, according to the regulations adopted by defendants and made known to plaintiff.

5th. That after the issuing of said policies the said John P. Moody married one Sarah A. Bane.

6th. That said Marriage Benefit Association on or about December 15th, 1881, suspended business, and paid nothing whatever to the plaintiff.

7th. That plaintiff complied with his part of the contracts.

8th. That plaintiff is in no wise related to said Moody, and has no special interest in his general welfare or marital relations.

9th. The defendants, at their request, had of the plaintiffs money, as above stated.

10th. The defendants did not make any express promise to repay the money.

Upon which the court states as conclusions of law:

1st. That the facts and circumstances do not raise any implied promise to repay the money to the plaintiff.

2d. At the time the money was paid by plaintiff to defendants, there was then no implied promise on their part to repay it to the plaintiff.

3d. The finding and judgment of the court is for the defendants.

For the reasons heretofore stated, we think there was no error in the conclusions of law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed November 1, 1883.