Filed March 27, 1884.

———————

No. 10,307.

JAMES ET AL. *v.* JELLISON.

INSURANCE.—*Marriage Benefit.— Wagering Contract.—Inseparable Consideration.*—A marriage benefit contract of insurance promised a certain sum of money to the payee, by a certain time, upon his marriage to a lady named, between certain dates, provided the payee gave the makers " the exclusive right to carry ' marriage benefit insurance' on him " and his intended.

*Held,* on demurrer to a complaint by the payee, against the makers, alleging performance, that the condition giving the makers such " exclusive right to carry " such insurance was a wagering contract, not separable from the other part of the consideration, and that, therefore, the whole contract is illegal and void.

From the Randolph Circuit Court.

*W. A. Thompson, J. W. Thompson, A. O. Marsh, I. P. Gray* and *P. Gray,* for appellants.

*A. Vorhis, M. B. Miller* and *J. E. Neff,* for appellee.

COLERICK, C.—This was an action brought by the appellee against the appellants, upon a contract, described in the complaint as follows:

"November 4th, 1881.

"On or before December 8th, after date, we promise to pay to Isaiah Jellison only one hundred dollars: *Provided,* Said payee is married on the 5th to 8th day of December, 1881, which marriage will be to us value received for this note; and *Provided,* Said payee gives us the exclusive right to carry marriage benefit insurance on him and Miss Lizzie Stead, whom he is to marry; failure to comply with above agreement annuls this obligation.      J. D. JAMES.

"WILLIS WHIPPLE.

"J. E. HARKER."

The complaint consisted of two paragraphs. A demurrer was sustained to the first and overruled to the second. An answer of nine paragraphs was filed to the second paragraph of the complaint. A motion to strike out all of said paragraph except the first and ninth was sustained. The first paragraph of the answer averred that said contract was executed without any consideration whatever, and the ninth paragraph was a general denial. A reply of general denial was filed to the first paragraph of the answer, and the issues thus formed were submitted to a jury for trial, which resulted in the rendition of a verdict in favor of the appellee for $90, and over a motion for a new trial, judgment was rendered upon the verdict against the appellants, from which they appeal, and assign as errors:

1st. That the court erred in overruling the demurrer to the second paragraph of the complaint.

2d. That the court erred in striking out the second, third,

fourth, fifth, sixth, seventh and eighth paragraphs of the an-
swer, and each of them.

3d. That the court erred in overruling the motion for a
new trial.

The appellee, in the second paragraph of his complaint,
after averring the execution by the appellants of the contract
above set forth, alleges, " that said marriage benefit insur-
ance was a valid and subsisting corporation for the purpose
of paying premiums to persons who would get married, and
for the purpose of enabling persons who would contract mar-
riage to receive premiums, if application was made and cer-
tificates of insurance issued to the person who was to marry,
or to any person who might make application in the name
of the party who was about to marry, in case the marriage
of the party was consummated ; that he did, on the 8th day
of December, 1881, marry Elizabeth Stead, known as Lizzie
Stead, in compliance with his agreement, and that in further
compliance with his agreement he gave the defendants the
exclusive right to carry marriage benefit policies on himself
and said Lizzie Stead ; that he signed all the applications for
marriage benefit insurance that the defendants presented to
him to sign; that he did sign a large number of applications
for the defendants which were necessary to enable them to
procure said insurance policies, and for them to take out mar-
riage benefit insurance on him ; that the defendants did take
out a large number of marriage benefit policies on him in
his name, upon which the defendants received a large sum of
money, to wit, $60; that plaintiff did in all things comply
with his said agreement ; that the defendants have wholly failed
to comply with their said agreement or any part thereof."
Wherefore he prayed judgment.

It is evident, by the provisions of the contract sued upon,
and the averments in the complaint, that the appellants were
merely interested in the consummation of the appellee's mar-
riage so far as it would enable them to realize therefrom some

benefit by and through said insurance. If the condition set forth in the contract relating to said marriage had stood alone the promise of the appellants to pay to the appellee said sum of $100, upon his performing said condition, might probably have been enforced. See 1 Bishop Married Women, sections 785, 787. But the condition referred to was coupled with the additional one that the appellants should have the exclusive right to carry policies of marriage benefit insurance upon the appellee and the lady whom he was engaged to marry. These two conditions were firmly and inseparably united, and jointly constituted the consideration, which was an entire one, for the appellants' promise to pay said sum of money. The performance of one of the conditions, and a failure to perform the other, by the appellee, would not have entitled him to recover said sum of money, or any part of it, as the performance of both conditions was essential and indispensable to his right to recover upon the contract. In 2 Parsons on Contracts, p. 519, it is said: "If the consideration to be paid is single and entire, the contract must be held to be entire, although the subject of the contract may consist of several distinct and wholly independent items." That part of the contract sued upon which relates to said insurance is void, it being a wagering contract. See *Chalfant* v. *Payton*, 91 Ind. 202, where it was held by this court that such contracts are mere wagering contracts, and are void as against public policy. By the terms of the contract the consideration for the appellants' promise to pay said sum of $100 is entire, and not susceptible of apportionment, therefore, as the illegal part of the contract constituted some part of said consideration, and as the part which it constituted is so indefinite and uncertain as to render it incapable of being separated from the remainder of the consideration, the entire contract, by reason thereof, is rendered void, and, being executory, its performance can not be enforced. It has been held by this court that when the illegal and void part of the consideration of a note is so uncertain and

indefinite that it can not be separated from the legal and valid part, the whole note becomes invalid and void. *Hynds* v. *Hays*, 25 Ind. 31; *Everhart* v. *Puckett*, 73 Ind. 409. In Bishop on Contracts, section 471, it is said: "A contract illegal in part and legal as to the residue, is void as to all, when the two parts can not be separated; when they can be, the good will stand and the rest fall. One entire consideration can not, within this rule, be separated, though composed of distinct items, some of which are legal and others illegal." And in 1 Wait Actions and Defenses, p. 106, it is stated that " The general rule is, that if any part of an entire consideration for a promise, or of any part of an entire promise, is illegal, whether at common law, or by statute, the whole contract is void." The contract involved in this case is not embraced in any exception to the general rule to which we have referred, but is clearly within its provisions.

As the second paragraph of the complaint was founded upon an illegal contract, the performance of which, for the reasons herein stated, could not be enforced, the court erred in overruling the demurrer thereto, and for the error so committed the judgment must be reversed.

In view of the conclusion reached by us, it is unnecessary to consider the other questions presented in the assignment of errors.

PER CURIAM.—The judgment of the court below is reversed at the costs of the appellee, and the action is remanded with instructions to the court to sustain the demurrer to the second paragraph of the complaint, and for further proceedings in accordance with this opinion.

Filed March 29, 1884.