JONES & ABBOTT *v.* INSURANCE CO.

(*Knoxville.* October 17, 1891.)

FIRE INSURANCE. *Premium repaid if risk never attached.*

If for any cause other than the assured's intentional fraud, the risk never attached under a fire policy, the insurer must return the premium received.

FROM KNOX.

Appeal from Chancery Court of Knox County. H. R. GIBSON, Ch.

WEBB & McCLUNG for Complainants.

WASHBURN & TEMPLETON for Respondent.

LURTON, J. The fire policy issued by the defendant company on lumber owned by the complainants, contained in its written part a warranty that a continuous clear space of 150 feet should be maintained between the lumber insured and the saw-mill, dry-kiln, or any wood-working or manufacturing establishment, and that said space should not be used for the handling or piling of lumber

thereon. This warranty was untrue when made, and untrue when the insured property was burned by fire communicated from a saw-mill within the space provided for. The contract of insurance is a conditional one. If no risk attaches, no premium, in the absence of fraud, is earned. Where the risk never attached, and no risk was ever run, the premium is to be returned, in case it has been paid, and the assured was guilty of no fraud. May on Ins., Sec. 4.

The language of Lord Mansfield, in *Tyree* v. *Fletcher*, Cowp., 668, was that "where the risk had not been run, whether its not having been run was owing to the fault, pleasure, or will of the insured, or to any other cause, the premium shall be returned."

The facts of this case show no intentional fraud on part of assured, and, his premium never having been earned, must be returned.

Other points in the case were disposed of orally.