# Work, Administrator, *v.* American Mutual Life Insurance Company et al.

## [No. 4,294.   Filed May 20, 1903.]

Insurance.—*Void Policy.*—*Recovery of Premiums.*—*Insurable Interest.*— One who took out policies of insurance on the lives of persons in whom he had no insurable interest, without their knowledge or consent, and in violation of §4905 Burns 1901, can not recover from the company the premiums paid by him thereon, although the company knew all of the facts.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Action by Aaron Work, administrator of the estate of Elias E. Thornton, deceased, against the American Mutual Life Insurance Company and others.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*J. D. Osborne, R. M. Johnson* and *Robert Lowry,* for appellant.

*J. M. Van Fleet* and *V. W. Van Fleet,* for appellees.

Henley, J.—Appellant prosecutes this action to recover back the premiums and assessments paid by his decedent on four policies of insurance issued by the appellee on the lives of four certain persons, named in the policies, in each of which policies one Cyrus Ferris was designated as beneficiary.   Ferris assigned the policies to appellant's decedent.

It is alleged in the first paragraph of the complaint that the policies were all void, for the reason that they were issued without the knowledge of the assured; that neither Ferris nor Elias E. Thornton, the decedent, had an insurable interest in the lives of the insured, nor had either of them the written consent of the assured, authorizing them, or either of them, to pay the premium assessments on the policies.   It is further averred that Thornton was a farmer, unused to business, illiterate, unable to read and write

the English language, confiding, and easily influenced by others; that appellees, knowing all these facts regarding him, conspired together to defraud him by procuring him to pay for illegal policies of insurance issued by the appellee company; that it was arranged to have one of appellees—the said Ferris—take out policies of insurance on his relatives, in whom he had no insurable interest, and to do so without their consent, and to procure the said Thornton to pay the fees and assessments on said policies by assigning them to him, the said Ferris representing to Thornton that such arrangement would be legal and valid, and would be a good investment; that said plan was carried out, and Thornton, relying upon the false statements, received and paid for the illegal policies the various amounts set out in the itemized bill filed with the complaint, which amounts he now seeks to recover. The second paragraph of complaint averred that the appellees, except the said Ferris, were indebted to appellant in the sum of $2,000, for money had and received; setting out an itemized statement of the amounts, and dates when paid, and demanding judgment accordingly. Appellees answered the complaint in five paragraphs, each of which was held sufficient by the trial court. The cause was put at issue by reply. There was a trial, and a special finding of facts, conclusions of law stated, and judgment against appellant for costs.

The facts found by the court were substantially as follows: The American Mutual Life Insurance Company is a corporation organized under the laws of the State of Indiana and is engaged in the business of life insurance on what is known as the assessment plan. Its principal office is at Elkhart. On the 30th day of October, 1886, said company issued to one Cyrus Ferris a certificate of life insurance upon the life of one Jacob Gaylor, and said Ferris on the 16th day of April, 1887, assigned said certificate of insurance to appellant's decedent, Elias E. Thorn-

ton. On the 22d day of May, 1887, said company issued to said Ferris a certificate of life insurance upon the life of one Pamilia Moore, and on the 23d day of May, 1887, said Ferris assigned said certificate to appellant's decedent. On the 25th day of June, 1887, said company issued to said Ferris a second certificate of life insurance upon the life of said Pamilia Moore, and on the same day said Ferris executed to said decedent a power of attorney authorizing him to pay the assessments and to collect any moneys that might be payable to the beneficiary upon the death of the assured. On the 17th day of September, 1887, said company issued to said Ferris a certificate of life insurance upon the life of one Jacob Gaylor, and on the same day said Ferris executed to said decedent a power of attorney in like manner and form as the one executed in regard to the policy issued on the life of Pamilia Moore. At the time said certificates of insurance were issued to said Ferris he did not have an insurable interest in the life of Jacob Gaylor or the life of Pamilia Moore, and he did not have the written consent of either of the insured authorizing him to pay the assessments made upon the certificates of insurance. Neither Gaylor nor Moore was indebted to Ferris, nor was he in any way dependent upon either of them for support, and neither of them was a member of the Ferris family. Appellant's decedent, Elias E. Thornton, did not have an insurable interest in the lives of either of the assured heretofore named, but, under the arrangement entered into by him, he paid, during his lifetime, to said insurance company the various assessments made on said certificates, to the amount of $994.60. Before commencing this action, said Thornton demanded of said insurance company the return of the money so paid, and the company refused to return it, or any part of it. During the pendency of the action in the trial court Thornton died, and his administrator was substituted as plaintiff.

The sixteenth finding of the court, which we think disposes of this appeal adversely to appellant, was as follows: "That said policies were taken out in the name of said Cyrus Ferris at the request and upon the solicitation and advice of Elias Thornton, and were assigned by said Ferris to said Thornton; that prior to and at the time of said transaction said Thornton knew that it was necessary to the validity of the policies, so taken and assigned, that there should be a written consent to pay the assessments thereon given by the person insured, or that the person holding the policy must have an insurable interest, and that it was necessary to have the consent of the person insured to take out such a policy; that at the time said Thornton procured said policies to be issued and assigned as aforesaid, he well knew all the facts in relation to whether the insured parties had given consent as aforesaid, or whether he had a pecuniary or insurable interest in the lives of the persons so insured; that all assessments on said policies were paid by said Thornton; that said Thornton informed said Ferris that no written consent was necessary." Upon these facts the court concluded that the appellant had no cause of action.

The facts found completely refute the averments of the complaint that Thornton was induced by conspiracy, fraud, and misrepresentation to enter into the arrangement concerning the policies of insurance. On the other hand it is shown that Thornton induced Ferris, who was neither an officer nor agent of the insurance company, to take out the policies, and assign them to him. Thornton arranged, carried out, and expended his money upon an unlawful scheme with which he was thoroughly acquainted. He knew that the policies were void *ab initio,* and knew the facts which caused them to be void. He knowingly secured the policies upon the lives of persons without their knowledge or consent. This, under our statute, is a felony. §4905 Burns 1901.

Conceding that the insurance company knew of all the facts leading up to the issuing of the policies does not help appellant's position.     It only shows that he was *in pari delicto* with the company.     He paid his money out upon contracts obtained by him, which contracts were contrary to public policy, and expressly prohibited by statute.     The same doctrine is upheld in the case of *Winchester Electric Light Co.* v. *Veal,* 145 Ind. 506.     In that case a county treasurer violated an express statute by loaning the money held by him as county treasurer, and it was there held that the treasurer could not maintain an action to recover the money, because such an action would be based upon his own illegal act.     The same doctrine is recognized in *Metropolitan Life Ins. Co.* v. *Bowser,* 20 Ind. App. 557; 2 Greenleaf, Evidence, §111; 4 Wait, Actions and Defenses, 460; *Chalfant* v. *Peyton,* 91 Ind. 202, 46 Am. Rep. 586; *Blattenberger* v. *Holman,* 103 Pa. St. 555; *Leonard* v. *Poole,* 114 N. Y. 371, 21 N. E. 707, 4 L. R. A. 728, 11 Am. St. 667.

There should be, and there is, a plain distinction between the cases wherein the policy is void *ab initio* by reason of some defect in the contract, and cases of the character of the one at bar, wherein both public policy and the criminal law of the State were violated by the complaining party at the very outset.

Under the facts found, we think the trial court rightly concluded that appellant had not established the material averments of his complaint.     The action having been defeated wholly by facts proved under the issue made by the complaint and general denial, the other errors complained of are harmless.

Judgment affirmed.