DONATO LATTARULO, Plaintiff, *v.* NATIONAL SURETY COMPANY, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Ninth District, June, 1922.*

**Insurance — bond of indemnity — when risk not entered on, premium must be returned.**

Plaintiff applied to the commissioner of internal revenue for a permit to deal in non-beverage alcoholic liquor. Under a departmental regulation he was required to submit a bond with the application. He procured a bond of $100,000 from defendant in favor of the United States. His application for the permit was rejected and he returned the bond to defendant and demanded the return of the premium. *Held,* that although the contract was in the form of a bond of indemnity it was essentially a contract of insurance and governed by the rules of law applicable thereto and the risk never having been entered on, the premium must be returned.

ACTION to recover bond premium.

*Frank, Weil & Strouse (Samuel F. Frank,* of counsel), for plaintiff.

*William R. Page,* for defendant.

SPIEGELBERG, J. This is an action to recover a premium of $1,000 paid by the plaintiff to the defendant. The plaintiff applied to the commissioner of internal revenue for a permit to deal in non-beverage alcoholic liquor. Pursuant to section 6 of the National Prohibition Act, which authorized the federal prohibition com-

---

* Received too late for insertion in proper place.— [REPR.

missioner to require a bond in such form and amount as he may prescribe to insure compliance with the terms of the permit, a departmental regulation was adopted whereby every applicant for a permit was required to submit a bond with the application, which bond had to be approved by the commissioner. In compliance therewith, the plaintiff procured on May 26, 1920, a bond from the defendant. The bond ran in favor of the United States in the sum of $100,000, securing compliance by the plaintiff with the provisions of the National Prohibition Act and regulations adopted pursuant thereto, and the permit issued thereunder. After considerable delay the plaintiff's application for the permit was rejected by the prohibition commissioner. On November 9, 1920, the plaintiff returned the bond to the defendant and demanded the return of the premium. The bond did not bear the indorsement of the approval by the commissioner, although the rejection of the permit was not due to any error in, or inadequacy of the bond.

Upon these facts I am of the opinion that the plaintiff is entitled to the return of the premium. The money was paid to secure the United States against any violation by the plaintiff of the National Prohibition Act and the regulations passed pursuant thereto. This contingency never took place. It formed the basis of the contract between the parties, upon the strength of which the premium was paid. The federal authorities required the bond before the plaintiff's application for a permit could be considered. The defendant knew that the bond had to be approved by the prohibition officials. A blank was left for that purpose upon the printed bond prepared by the defendant. The approval depended upon the granting of the permit. The defendant exacted the payment of the premium in advance, but in the eyes of the law it became due only upon the assumption by the defendant of the risk of the bond. There was no liability on the part of the defendant until the issuance of the permit. The defendant never incurred the risk. It is elementary that the risk of the insurer is the principal foundation of the contract. In this case some act, to wit, the issuance of the permit, was required to be performed before the contract had an inception. The failure to procure the permit left the defendant without risk. We have here a clear case of failure of consideration. It is settled law that if the risk has never been entered on, the premium must be returned. The leading case is *Tyrie* v. *Fletcher*, 2 Cowp. 666, decided in 1777 by Lord Mansfield. He says: " Where the risk has not been run, whether its not having been run was owing to the fault, pleasure or will of the insured, or to any other cause, the premium shall be returned; because a policy of insurance is a contract of indemnity. The

underwriter receives a premium for running the risk of indemnifying the insured, and whatever cause it be owing to, if he does not run the risk, the consideration, for which the premium or money was put into his hands, fails, and therefore he ought to return it."

Lord Mansfield's ruling has been followed by the courts and text writers.   In 2 Joyce on Insurance, § 1390, it is said: "Premium and risk are both of the very essence of the contract, and each is dependent upon and inseparable from the other.   The very life of the contract involves the presumption of a risk, and the assurer is paid the premium or price of insurance to take upon himself the peril or event insured against.   It therefore necessarily follows that if the risk has not attached, or if no part of the interest insured is exposed to any of the perils insured against, the insurer has no claim to the premium; if paid, it must be returned " in the absence of fraud by insured.

To the same effect see Richards on Insurance (3d ed.), 76, and 2 May on Insurance (4th ed.), § 567.   Thus it has been held in *Waddington* v. *United Insurance Co.*, 17 Johns. 23, that where marine insurance was issued upon the cargo of a ship to be carried from one port in Europe to another, and the voyage was not made, the premium paid under the policy was recoverable, inasmuch as the risk had never attached.   In *Jones & Abbott* v. *Insurance Co.*, 90 Tenn. 604, it was held that the insured was entitled to the return of the premium where the risk under a fire policy never attached by reason of a breach of warranty, not fraudulent.   In *Parsons, Rich & Co.* v. *Lane*, 97 Minn. 98, the condition of the fire insurance policy was that the building insured stood upon ground owned by the insured in fee simple.   As a matter of fact, it stood upon leased ground, and it was consequently held that the insurance company never incurred any liability and, therefore, the premium was recoverable.   At page 119 citation of numerous authorities may be found.   In *Insurance Company* v. *Pyle*, 44 Ohio St. 19, a life insurance policy was held void on account of untrue statements in the application, and it was held that the premium may be recovered back.

The defendant stresses the point that one of the printed conditions in the application for the bond signed by the plaintiff is to the effect that he will pay the premium agreed upon until the defendant shall have been fully discharged and released from all liability under said bond, and until competent legal proof of such discharge shall have been furnished.   The fallacy of this argument is apparent.   The premium was payable as a condition of the defendant's liability.   The liability never arose.   Accordingly, there could not be a discharge from any liability.   In *National*

*Surety Co.* v. *Stallo*, 171 App. Div. 206; affd., 226 N. Y. 707, the court says at page 210: "A premium is paid the surety as compensation for assuming a liability, but where the liability no longer exists there can be no reason for thinking that the parties contemplated a continuance of its payment." With much greater force it may be argued that where the liability never came into existence, the parties did not contemplate a retention of the premium by the insurer.

The learned counsel for the defendant cites two cases in support of his contention that the defendant may retain the premium, to wit, *Rehm* v. *McCray*, 134 N. E. Rep. (Ind.) 505, and *Mizell* v. *Elmore & Hamilton Contracting Co.*, 215 Fed. Rep. 88. Neither case has any application. In the Indiana case it appeared that a road contractor, for the purpose of bidding upon a contract for highway construction, submitted a surety company bond, which was required by the laws of the state of Indiana for the faithful performance of the work. The bond was furnished, the contractor submitted his bid and proposal, and the contract was awarded to him. More than a year thereafter the contract was canceled and the parties were released from further liability. The appellee maintained that the bond was not to be operative until the work under the contract should actually be commenced, which could not be done unless the bonds authorized for the construction improvement had been sold. The court held that no such agreement was proven, and that the appellee was liable for the first year's premium. At page 507 the court says: "We, therefore, hold that, upon the acceptance of appellee's proposal and bid and the awarding of the contract to him, the liability of the bonding company by reason of its bond attached, and that appellee's liability to pay the premium named in said application then became due and payable." The dissimilarity between the facts in that case and the one under consideration is apparent. In the one the contract had actually been awarded, and the risk had set in; in the other, the permit was not granted and no liability attached. The *Mizell Case, supra,* has likewise no bearing upon this case. There it appeared that a surety company bond was furnished to the state of New York for the faithful performance of a roadbuilding contract. *The contracting company entered upon the work.* The court held that the fact that soon thereafter litigation over the contract started, which finally resulted in a judgment holding the same invalid, did not relieve the contractor from paying the premiums to the bonding company.

It is, however, claimed by the defendant that the bond in question is not a contract of insurance. It maintains that it insures the

United States government against the failure or default or improper acts of plaintiff, but does not agree to pay plaintiff any sum under any circumstances, either as indemnity or otherwise. It is true that the contract in this case is in the form of a bond of indemnity, but that does not alter the fact that it is essentially a contract of insurance and governed by the rules of law applicable thereto. Speaking of fidelity insurance it is said in 25 C. J. 1089: "It is well established that guaranteeing the fidelity of employees and persons holding positions of trust is a form of insurance, and that such a contract is subject to the rules applicable to insurance contracts generally, and not to the rules applied to ordinary sureties for accommodation."

In *First Nat. Bank* v. *Nat. Surety Co.*, 228 N. Y. 469, the court says at page 472: "Although the instrument denominated itself a 'bond,' it is a contract or policy of insurance. * * * A contract guaranteeing or indemnifying an employer against any breach of fidelity on the part of an employee is generally regarded as, and in the matter of interpretation is, a contract of insurance."

In *Ætna Indemnity Co.* v. *Crowe Coal & Mining Co.*, 154 Fed. Rep. 545, the court, referring to an employer's liability bond, says at page 556: "The contract sued on is essentially a contract of indemnity against loss, and the general rules governing the construction of ordinary life and fire insurance policies are applicable to it."

In *People* v. *Rose*, 174 Ill. 310, it was held that the guaranteeing of fidelity of persons holding places of trust, and the performance of contracts and other undertakings, is insurance, and that a company intending to transact such business cannot incorporate under a statute which excepts from its operation corporations formed for the purpose of insurance.

In the view that I take of this case, it is unnecessary to consider the contention of the plaintiff that the defendant's acts subsequent to the return of the bond amounted to a recognition of the plaintiff's claim. The defendant has in its possession money belonging to the plaintiff to which it is not entitled. The plaintiff's bargain with the defendant was not to procure a worthless piece of paper, but the company's obligation, to take effect when and if the permit to deal in liquor was granted. The condition precedent did not occur.

The plaintiff is entitled to judgment.

Judgment accordingly.