RATNER'S DAIRY RESTAURANT, INC., and Another, Appellants, *v.* MILWAUKEE MECHANICS' INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, January 8, 1925.

**Insurance — fire insurance — action by insured to recover back premium paid on ground that policy is void — insured was lessee and took out insurance to protect mortgagee of leasehold — policy is standard fire insurance policy issued to building owners — no liability attached against insurer under policy — plaintiff may recover.**

The insured in a standard fire insurance policy may recover back the premium paid on the ground that the policy is void, where it appears that the insured was the lessee of buildings and took out the insurance to protect the mortgagee of the lease, for the policy which is one issued to building owners did not impose any liability upon the insurer, and the insurer would not have been liable to the insured in the event of loss.

The words "as interest may appear" in the policy did not cover the insurable interests of the insured; the interest used in that clause is not an interest in the property, but an interest in the payment of the loss.

Appellate Term, First Department, January, 1925. [Vol. 124

Appeal by plaintiffs from a judgment of the Municipal Court of the City of New York dismissing the complaint on the merits after a trial before the court without a jury.

*Benjamin Barondess*, for the appellants.

*Milton M. Brooke*, for the respondent.

O'Malley, J.:

The plaintiffs, two corporations, were the lessees of three adjoining buildings for a period of ten years. They gave a mortgage on their leases in the sum of $45,000, payable in two years, and took out a fire insurance policy for one year in the sum of $19,000 as protection to the mortgagee. The total premium in the first instance was $789.75. This, however, was afterward reduced as payments were made on the mortgage so that eventually the net premium was $272.53.

In this action the plaintiffs sought to recover this sum with interest, upon the ground that the policy was void; that no risk attached thereunder and that, therefore, the defendant insurance company never became liable thereon.

The policy itself appears to have been the standard form issued to building owners, and was not a leasehold policy. It contains no reference to the leases. It expressly covered the buildings by description and by reference to street number. It made the value of the buildings payable to the insured, and covered various kinds of personal property, as belonging exclusively to the insured " as building landlord and not as tenant." Other clauses and provisions indicate ownership in fee on the part of the insured.

It also contains the following provision: " This entire policy shall be *void*, unless otherwise provided by agreement in writing added hereto, (a), if the interest of the insured be other than unconditional or sole ownership." It contains the usual mortgage clause making loss or damage payable to the mortgagee " as interest may appear," and further provides that in consideration of the stipulations named in the policies and the payments of the premiums the company " does insure 218–20 West 34th Street Corp. & Ratner's Dairy Restaurant, Inc., as interest may appear."

The respondent contends that the use of the words " as interest may appear," following the names of the insured corporations in the policy, was sufficient to cover the insured's interest in the leases and that it is immaterial that the policy failed to refer specifically to them. The appellants, on the other hand, while not disputing that they had an insurable interest in the leases, contend that the policy in question did not cover such interest, and that it was, therefore, void and that no risk attached. If the appellants are

correct in their interpretation of the policy it seems clear that they are entitled to a return of the premium paid. (Joyce Ins. [2d ed.] vol. 3, §§ 1390, 1410; Richards Ins. [3d ed.] § 61; *Lattarulo v. · National Surety Co.*, 119 Misc. 154, and authorities cited. See, also, *Robertson & Brown* v. *United Insurance Company*, 2 Johns. Cas. 250.) In Joyce on Insurance (*supra*), section 1410, misdescription in the policy of the subject of the insurance is said to be one of the reasons for non-attachment of the risk.

The real question involved is whether the defendant would have been liable to the plaintiffs in the event of loss. If the policy covered the interest of the insured it would be; otherwise not.

I am of opinion that the policy afforded no protection to the insured, and no risk attached. The words " as interest may appear," used in reference to the insured corporations, were insufficient to cover their insurable interest. Their meaning must be determined by reference to the policy as a whole. It insured the plaintiffs as owners, not as lessees, and was to be void if the insured was not possessed of unconditional and sole ownership. If the plaintiffs were owners as the policy apparently assumed, they might have an interest in the event that the mortgage was paid off or reduced in amount. The interest intended is not an interest in the property, but an interest in the payment of the loss. (*Atlas Reduction Co.* v. *New Zealand Ins. Co.*, 138 Fed. 497, 504.)

The judgment, therefore, is reversed, with $30 costs and judgment directed for the plaintiffs in the sum of $294.32, and costs.

All concur; present, GUY, O'MALLEY and LEVY, JJ.