## C. D. BRANSON v. NATIONAL LIFE & ACCIDENT INS. CO.

Western Section.   February 25, 1927.

Petition for Certiorari denied by Supreme Court June 11, 1927.

1. **Insurance. A life insurance policy procured by one without the knowledge or consent of the person insured is void.**
    The rule is well established that a life policy procured by one without the knowledge and consent of the person whose life is insured is void as against public policy.

2. **Insurance. An insurance policy void because it is against public policy cannot be cured by knowledge of the insurance company.**

A life insurance policy taken out by one on the life of another without the knowledge or consent of the insured, is void as against public policy and the fact that the insurance company knew at the time that the insured did not know of the policy does not give the holder a right to recover on the policy.

3. **Insurance. Insurance company knowingly receiving premiums for a void policy cannot retain them.**

Where an insurance agent prevailed upon a man to take out insurance on his wife without her consent knowing that the contract was illegal as against public policy, but the party buying the insurance did not know that the transaction was illegal, held that the party might recover from the insurance company the premium paid, on the ground that it had received a premium for no consideration. Held that he could not recover on the policy because it was void as against public policy.

Appeal in Error from Circuit Court of Gibson County; Hon. Thomas E. Harwood, Judge.

Affirmed.

Taylor, Adams & Freeman, of Trenton, for plaintiff in error.

G. H. Russell, of Trenton, for defendant in error.

HEISKELL, J.  This suit was instituted in a Justice of the Peace court by the plaintiff in error to recover upon two industrial insurance policies issued by the defendant in error on the life of the wife of plaintiff in error, the two policies amounting to about $280. The warrant contained a second count seeking a recovery for the twenty-five per cent penalty provided by statute.

· The Justice of the Peace rendered judgment for the plaintiff and the defendant appealed to the circuit court of Gibson county, Tennessee, a jury was asked for, and the case was tried at the August term of the circuit court, 1926.

At the conclusion of the plaintiff's proof the defendant asked for peremptory instructions on the ground that the plaintiff was not entitled to recover because when the application for the insurance was made the insured was in bad health. This was the only ground of the motion. The motion was at that time overruled by the learned trial judge, but it was renewed at the conclusion of all of the evidence, and the trial judge directed the jury to return a verdict for the defendant and directed a verdict for the plaintiff for $5.95, the amount of the premiums that had been paid on the policies, and adjudged one-half of the costs against each party.

The plaintiff made a motion for a new trial which was overruled, and an appeal was prayed and granted and perfected to this court.

The assignments of error are not more specific than to say it was error for the trial judge to give a peremptory instruction for the defendant Insurance Company.

Vol. IV T. A.—37.

The brief for defendant gives several reasons why the trial judge was right in giving the peremptory instruction. If any one of these reasons is sound, the directed verdict should stand even if all the other positions are not well taken. One of the contentions of the defendant is that the policies are void because the plaintiff, C. D. Branson, effected insurance upon the life of his wife, Mrs. Zora Branson, without her knowledge or consent. We find as a fact that the insurance was taken upon the life of the wife without her knowledge or consent and that she died about two months afterwards in ignorance of the insurance. If this renders the policies void, the directed verdict should stand even though all other questions in the case should be resolved in favor of the plaintiffs.

In 56 L. R. A., 585-592, we find an elaborate note to the case of Martin v. McAllister, treating this subject. The author of this note, after reviewing a number of cases, says this:

"The above cases show how meagerly the question of consent has been considered by the courts. The implication from them, rather than much actual authority, is to the effect that consent is necessary to the validity of a life-insurance policy. The principles governing the subject seem very clear. It can hardly be denied that public policy is against the right of one person to insure the life of another who does not consent. The courts have fully established the invalidity of wagering policies, whether on property or on life. But the real root of the evil in all such policies is, not the wager element, but the temptation to crime. The taking of risks is of the essence of all insurance. But the risks contemplated are honest ones, and not those which the insured may himself dishonestly cause. A temptation to use illegitimate means to obtain the amount of money for which an insurance policy is issued is undeniably the source of numerous and great losses on fire insurance policies, and the fact that human life may be lost by an incendiary fire is often insufficient to prevent such fires. If creditors and relatives, whom the insured dare not trust with his life, although they may have an insurable interest therein, are at liberty to take insurance upon it without his consent, it cannot be denied that in many cases the life of the insured would be less safe because of such insurance. For this reason it is impossible not to see that public policy condemns the insurance of a person's life without his consent. Public policy against mere wagers is of slight importance compared with the public policy against arson and murder."

This conclusion is a fair deduction from the cases reviewed and is supported by other authority. In 1 Briefs on Insurance Law, Cooley, page 556, there is a note citing cases and saying this:

"The rule is well established that a life policy procured by one without the knowledge and consent of the person whose life is insured is void as against public policy."

But this note continues:

".It has, however, been held in several States that the company cannot set up fraud in defense. to a life policy taken out without the knowledge and consent of the insured if the agent had notice of the facts and represented that the policy would be valid."

The authority supporting this part of the note is meager—we can find but one case, Ins. Co. v. Hogan, 8 Ill., 35—and aside from that, if the first part of the note is right, this part cannot be. If the policy is void because against public policy the knowledge of the Insurance Company cannot cure it. A contract void because illegal cannot be sued on and that is the end of it. Even a court of equity will not grant relief to the holder of an illegal contract, no matter how unjust the advantage retained by another may be. If the insurance contract is void as against public policy, the courts will look no further and will not consider what, if any, advantage may be gained by another. If the contract of insurance be considered void merely as a fraud upon the company, then it may well be said the company cannot set up in order to avoid the policy, facts of which it had full knowledge, but if the holder of the policy admits that the contract was illegal as contrary to public policy he will not be heard to say that the insurer is estopped by knowledge to stand upon the illegality of the contract.

In Work v. American Mutual Life Insurance Company, 67 N. E., 458, 31 Ind. App., 153, where a decedent had taken out policies of insurance on lives of persons in whom he had no insurable interest and without their knowledge and consent, it was held that his administrator could not recover of the company, the premiums paid by the decedent even though the company knew all the facts. The court said: "He knowingly secured the policies upon the lives of persons without their knowledge or consent. This, under our statute, is a felony, section 4905, Burns Rev. St. 1901. Conceding that the Insurance Company knew all the facts leading up to the issuing of the policies does not help appellant's position. It only shows that he was in pari delicto with the company. He paid his money out on contracts obtained by him, which contracts were contrary to public policy and expressly prohibited by statute." "There should be and there is a plain distinction between the cases wherein the policy is void ·ab initio by reason of some defect in the contract and cases of the character of the one at bar wherein both

public policy and the criminal law of the State were violated by the complaining parties.''

A later case by the same court holds a policy void as contrary to public policy and the statute but that an assignee of the policy who in good faith paid premiums was entitled to recover the premiums paid. American Mutual Life Ins. Co. v. Bertram (Ind. Sup.), 70 N. E., 258, 64 L. R. A., 935.

There are many cases like this where it is held that a party who had in good faith paid premiums on a void policy could recover the premiums. If the policy is void as against public policy and the agent knew it but the one who secured the contract did not, the knowledge of the agent being the knowledge of the company, the company has received money on a contract known to be void— has received something for nothing, and should not be allowed to retain the premiums paid for which there has been no consideration. This line of cases is not inconsistent with the rule that where the contract is void as against public policy, neither the good faith of the applicant nor the knowledge if the company can justify a recovery on the policy.

Our conclusion is in line with the excerpts from notes set out above that while the cases on the subject are meager they show that the rule is that a life policy procured by one on the life of another without the knowledge and consent of the person whose life is insured, is void as against public policy. Fulton v. Metropolitan Life Ins. Co., 21 N. Y. Sup., 470; Griffin v. Equitable Assurance Society, 84 S. W., 1164; Metropolitan Life Ins. Co. v. Monohan, 42 S. W., 924; 19 Ky. Law Rep., 992; Same v. Asmus, 25 Ky. Law Rep., 1550, 78 S. W., 204.

The same rule has been laid down as fire insurance. Clark v. Ins. Co. of North America, 89 Me., 26, 35 Atl., 1008, 35 L. R. A., 276.

While the Indiana cases, Work v. American Mutual Life Ins. Co., 67 N. E., 458, 31 Ind. App., 153, and American Mutual Life Ins. Co. v. Bertram (Ind. Sup.), 70 N. E., 258, 64 L. R. A, 935, are based on a statute declaring it to be a felony to take out insurance on the life of one in whose life the applicant has no insurable interest and without the knowledge and consent of the insured, yet the court declares it also to be against public policy to take insurance on the life of one without his knowledge or consent. That such a statute should have been passed shows that the Indiana legislature had the same idea as to what insurance contracts are contrary to public policy as the courts have had.

The only case we have found at all in conflict with this view is Guardian Mutual Life Ins. Co. v. Hogan, 8 Ill., 35, 22 Am. Rep., 180. In this case the court seemed to consider insuring the life of another without his knowledge and consent as a matter of fraud which the

knowledge of the company would preclude it from setting up. If, as we have endeavored to show, the court had considered the contract void as against public policy, the knowledge of the insurer would have made no difference. However, the court reversed a verdict and judgment in favor of plaintiff against the Insurance Company on account of errors in the charge of the trial court to the jury. The case was remanded and we do not know the final result.

This is the case referred to above as supporting the second excerpt from the note in Briefs on Insurance Law by Cooley and the fact that the court considered insuring the life of another without his knowledge and consent as a fraud on the company instead of as contrary to public policy supplies the explanation as to why the court held the knowledge of the company to preclude the defense. It does not appear that the question was made that the contract was against public policy and the court does not hold that it was not but merely fails to hold that it was, so while out of line with the trend of authority on this point the case is entitled to little or no consideration as against the current of adjudications on the question.

The facts of the case at bar present a strong appeal to the court to follow the current of authority which declares such a contract void because contrary to public policy. The plaintiff, Branson, being solicited to take insurance on his own life declines to do so, but being urged thereto by the agent of the company he does take out policies on the life of his wife, who is sick with heart disease and dies in about two months without knowing anything about the insurance on her life. Conceding that in this case the plaintiff was misled by the assurance of the agent that it was not necessary to inform the insured or get her consent and assuming that plaintiff acted in good faith, the transaction, in many cases at least, presents greater temptation than human nature should be subjected to and offers greater opportunities for wrong than should be put in the hands of a crooked agent in conjunction with either a collusive or an innocent but pliant applicant. The facts bring the case in line with the authorities cited holding the contract void as contrary to public policy.

The facts being undisputed as to this contention the trial court committed no error in granting defendant a directed verdict. A judgment was rendered in favor of plaintiff for the amount of premiums paid $5.95 and the costs were divided. We see no reason to change this and the case is affirmed. The appellant will pay the costs of the appeal.

Owen and Senter, JJ., concur.