WASHINGTON *v*. ATLANTA LIFE INS. CO.

(*Nashville*, December Term, 1939.)

Opinion filed February 17, 1940.

TIDWELL, TURNER & SWETT, BAILEY WALSH and WILLIAM K. MOODY, all of Memphis, for complainant.

A. A. TRIGG and B. F. BOOTH, both of Memphis, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a suit brought by a named beneficiary of a policy on the life of Lillian Matthews to recover premiums paid by complainant over a number of years, on the ground that the policy was a wagering contract and void as against public policy from its inception, it being alleged and admitted that the named beneficiary never had any insurable interest in the life of Lillian Matthews; that complainant was ignorant of the fact that the lack of such insurable interest would vitiate the contract, and she charged that she was induced to take out the policy on the life of the insured and pay the premiums from time to time by representations made to her by the agent

of the company that she was entering into a binding and enforceable contract.

A demurrer was interposed on several grounds, the first being that the insured was not made a party, which ground was sustained by the chancellor. But he granted complainant leave to amend and by an amended bill Lillian Matthews, the insured, was made a party defendant and publication was made for her, it appearing from the charge of the bill which was sworn to that she was a non-resident. Thereafter an answer was filed in which it was denied that the agent had fraudulently acted, and it was asserted that complainant had acted on her own judgment and at her own suggestion in taking out the policy. The answer admitted her voluntary payment of the premiums, but it denied the right of complainant to recover, insisting that the question of a wagering contract and want of insurable interest could not be raised except by the insurer.

The chancellor heard the case upon agreement of counsel that it might be heard, involving less than five hundred dollars, on oral testimony. However, when the case was called before the chancellor it appears that counsel made statements as to the contentions from which it appeared that no questions of fact were involved, and the chancellor decided it was unnecessary to have oral testimony and proceeded to dispose of the case on the issue of law, which he held to be determinative. There was no objection to this proceeding, and he thereupon decreed that the plaintiff was entitled to recover, and gave judgment for the amount of the premiums which had been paid by her, and interest, in the total sum of $349.30.

The company has appealed and assigns in this Court two errors, insisting (1) that the chancellor erred in

failing to sustain grounds of the demurrer setting up the defense that the bill showed that the "complainant was a party to the transaction and the company never refused to pay the policy, after fourteen years she was estopped to complain"; and (2) "because the policy contained a facility of payment clause and was not void."

██ It is now too well settled in this state that a policy taken out on the life of another in whom the named beneficiary who procures the policy to be taken out has no insurable interest is void as a wagering contract and against public policy to require citation. This general proposition does not seem to be controverted. It is also well settled, in logical deduction, that "the parties to a contract of insurance cannot, even by solemn agreement, override the public policy which requires the beneficiary to have an insurable interest." 1 Couch, Cyc. of Insurance Law, section 295, pp. 769, 770; see, also, *Quinn v. Supreme Council Catholic Knights,* 99 Tenn., 80, 41 S. W., 343; *Clement v. Insurance Co.,* 101 Tenn., 22, 46 S. W., 561, 42 L. R. A., 247, 70 Am. St. Rep., 650, and other cases.

██ The directly determinative question presented in this case is the right of the named beneficiary who has taken out the insurance to recover the premiums. This question was fully dealt with and disposed of in favor of the right to recover in the case of *Interstate Life & Accident Co. v. Cook,* 19 Tenn. App., 290, 86 S. W. (2d), 887, 890, the opinion being by Presiding Judge Faw of the Court of Appeals, in which case this Court denied *certiorari.* The instant case is so similar on its facts as to be ruled thereby. It is suggested for appellant that the Cook case is distinguishable in that in that case it appeared that the insured had no knowledge of the insurance. Giving application to the principles laid down

and the grounds stated for the conclusions reached in the Cook case, we do not think this distinction, even if the differing facts clearly appeared in this record, would avail to defeat the right of recovery. The following excerpt from the Cook case, which incorporates language used by Mr. JUSTICE LURTON in *Jones & Abbott* v. *Insurance Co.,* 90 Tenn., 604, 18 S. W., 260, 25 Am. St. Rep., 706, a suit for fire insurance premiums, shows clearly that the Cook case was similar to the intant case on its determinative facts and that the principle therein laid down is applicable here:

"We think it is apparent from the proof that the present plaintiff was guilty of no intentional fraud or wrongdoing, and was induced to take the policy and pay the premiums by the solicitations of defendant's agent and his representation to the effect that the policy would be valid. In *Jones & Abbott* v. *Ins. Co., supra,* 90 Tenn., 604, 605, 18 S. W., 260, 25 Am. St. Rep., 706, the court, speaking through Mr. Justice LURTON, said: 'The contract of insurance is a conditional one. If no risk attaches, no premium, in the absence of fraud, is earned. When the risk never attached, and no risk was ever run, the premium is to be returned in case it has been paid, and the assured was guilty of no fraud.' See, also, *Branson* v. *National Life & Accident Ins. Co., supra,* 4 Tenn. App., 576, 581; *Dushan* v. *Metropolitan Life Ins. Co.,* 14 Tenn. App., 422 [427], 434; *Metropolitan Life Ins. Co.* v. *Asmus* (Ky.), 78 S. W., 204. . . . We are of the opinion that the trial court did not err in awarding plaintiff a judgment for the premiums paid by her, with interest."

The argument of counsel mentions that the publication for the defendant Lillian Matthews was a nullity because the amended bill bringing her before the court was not

sworn to, but an examination of the record shows that counsel is in error as to this alleged omission.

No reference is made in the brief and argument of counsel to the matter mentioned in the second assignment in this Court, that is, that this policy "contained a facility of payment clause and was not void". We assume that counsel did not press this point for the reason (1) that we do not find this question made in any manner before the chancellor, and under our rules it is too late to bring forward this new theory of defense for the first time in this Court. Moreover, (2) we do not think the clause referred to in the instant policy could operate to give life to this void contract of insurance so as to create a valid consideration for the collection by the company of these premiums. Certain it is that the beneficiary who has paid the premiums could not recover on the policy in the event of the death of the named insured. It is this which is the recognized basis of the right of recovery in this class of cases.

The judgment is affirmed.