NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0173n.06

Nos. 17-5877/5895

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) | **FILED** Apr 03, 2018 DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee/Cross-Appellant, | ) ) |  |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| CONESTOGA TRUST SERVICES, LLC, as Trustee of the Conestoga Settlement Trust, dated May 1, 2010, | ) ) ) ) |  |
| Defendant-Appellant/Cross-Appellee. | ) ) |  |

Before: KEITH, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. In this case Conestoga Trust Services, LLC seeks to recover on a $2 million insurance policy that Sun Life Assurance Company of Canada issued on the life of Erwin Collins. Collins sold the policy to Life Asset G LLC as soon as the policy was issued. At the time of Collins's death, about six years later, Conestoga held the policy as its sixth assignee. The district court granted summary judgment to Sun Life, holding that the policy was void from the outset as an illegal "wagering contract" under Tennessee law. We affirm.

We have little to add to the district court's thorough and soundly reasoned opinion. Under Tennessee law, a life-insurance policy is void if the insured takes out the policy with a preexisting agreement to sell the policy to an investor. *See Clement v. N.Y. Life Ins. Co.*, 46 S.W. 561, 564-65 (Tenn. 1898). The district court held that Collins had a preexisting agreement with Life Asset here, noting among other things that Collins originally applied for the

policy using his (actual) Tennessee address, but then reapplied using a phony Georgia address when Life Asset said that it would not buy Tennessee policies (presumably because wagering contracts are illegal there); that—once the application was "on Georgia paper"—Life Asset represented through its broker, David Wolff, that Life Asset would pay $80,000 for Collins's interest in the policy; that Collins's agent, Eugene Houchins, replied that, once the policy was issued in Georgia, "[w]e will then close with you at 4% [*i.e.*, $80,000]"; that Houchins rather than Collins fronted the first premium payment for the policy; and that Life Asset in fact paid $80,000 for the policy, as soon as it was issued, with $60,000 going to Collins's wife (as the policy's formal assignor) and $20,000 going to Houchins (who took the Fifth in his deposition in this case) as a commission for the deal. We could go on; but suffice it to say that the district court correctly held as a matter of law that, at the time of the policy's issuance, Collins had a preexisting agreement to sell the policy to Life Asset for $80,000.

Conestoga says that Collins did not have an agreement with Life Asset prior to the policy's issuance because Life Asset agreed to pay the $80,000 only after the policy in fact issued. But that means only that Life Asset had a condition precedent to its performance under the agreement. *See* 13 Williston on Contracts § 38:7 (4th ed.). And an agreement with a condition precedent is an agreement nonetheless. *See Miller v. Resha*, 820 S.W.2d 357, 360 (Tenn. 1991). Nor do we think the district court drew improper inferences in favor of Sun Life. To the contrary, Conestoga demands that we credit a raft of inferences that in our view no reasonable jury would make. The reality—on the record here and by all appearances in fact—is that the agreement between Collins and Life Asset was exactly what the district court said it was.

We also affirm the district court's order directing Sun Life to repay the premiums that Conestoga (but not the five other assignees) paid to Sun Life on this policy. In our view the

district court's reading of Tennessee law on this issue was correct. *See Vinson v. Mills*, 530 S.W.2d 761, 763 (Tenn. 1975); *Washington v. Atlanta Life Ins. Co.*, 136 S.W.2d 493, 494 (Tenn. 1940).

The district court's judgment is affirmed.